**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KYLA LOVE,

Petitioner,

v.

WILLIAM REUBART,

Respondent.

Case No. 2:26-cv-02734-APG-MDC

**SCHEDULING ORDER**

Petitioner Kyla Love filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 6. This Court granted Love's motion for appointment of counsel and provisionally appointed the Federal Public Defender. ECF No. 5. The Federal Public Defender has appeared in this matter and moved for leave to file a first amended protective petition and for a scheduling order. ECF Nos. 8, 9. I find that good cause to grant the motions.

I THEREFORE ORDER that the Federal Public Defender, through Jonathan Kirshbaum, Esq., is appointed as counsel for Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

I FURTHER ORDER that the motion for leave to file a first amended protective petition (ECF No. 8) is granted.

I FURTHER KINDLY ORDER that the Clerk of the Court file Petitioner's first amended protective petition (ECF No. 8-1).

I FURTHER ORDER that the motion for a scheduling order (ECF No. 9) is granted. Petitioner shall have up to and including 90 days from entry of this order within which to file a

second amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Petitioner remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, the first amended protective petition, the second amended petition, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

I FURTHER ORDER that Respondents shall file a response to the second amended petition, including potentially by motion to dismiss, within 60 days of service of the second amended petition and that Petitioner may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

I FURTHER ORDER that any procedural defenses raised by Respondents to the counseled second amended petition shall be raised together in a single consolidated motion to dismiss. In other words, I do not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss

not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer.

I FURTHER ORDER that, in any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

I FURTHER ORDER that any state court record and related exhibits filed herein by either Petitioner or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF number in the record, the first document under each successive ECF number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF number thereafter will be listed under an attachment number (i.e., attachment 1, 2, etc.). Notwithstanding LSR 3-3(c), duplicate exhibits may be filed to create one comprehensive and chronological Index of Exhibits.

I FURTHER ORDER that courtesy copies of exhibits shall <u>not</u> be provided.

Dated: September 09, 2026

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE